**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10247 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00478-RM-LCK-2 |
| v. | |
| MATTHEW RYAN HAND, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Matthew Ryan Hand appeals from the district court's judgment and

challenges the 57-month sentence imposed following his guilty-plea conviction for

conspiracy to possess with intent to distribute marijuana and possession with intent

to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).  Accordingly, Hand's request
for oral argument is denied.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hand contends that the district court erred by denying him a mitigating-role reduction under U.S.S.G. § 3B1.2. The government suggests that this argument is waived because Hand's request for the reduction in the district court was untimely. We need not resolve this issue because, even assuming the issue were properly preserved, the district court did not abuse its discretion in denying the reduction. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (application of the Guidelines to the facts is reviewed for abuse of discretion). Contrary to Hand's claim, the court did not rely on any improper considerations in denying the reduction, and the record supports the court's conclusion that Hand was not "substantially less culpable" than the other participants in the drug trafficking offense. *See* U.S.S.G. § 3B1.2 cmt. n.3(A). To the extent Hand argues that the court should have granted a downward variance to reflect his mitigated role, that argument also fails. The 57-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Hand's conduct in resisting apprehension and his extensive criminal history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**